

**United States Department of Justice**

*William J. Powell*
*United States Attorney*
*United States Attorney's Office*
*Northern District of West Virginia*

W. Craig Broadwater Federal Building
217 West King Street
Suite 400
Martinsburg, WV 25401

Phone: (304) 262-0590
Fax: (304) 262-0591

January 9, 2018

FILED
FEB 14 2018
U.S. DISTRICT COURT-WVND
MARTINSBURG, WV 25401

J. Mark Sutton
Sutton & Janelle, PLLC
125 E. King Street
Martinsburg, WV 25401

In re:   United States v. Ajarhi Savimi Roberts,
         Criminal Action No.: 3:17-CR-50-01

Dear Mr. Sutton:

    This will confirm conversations with you concerning your client, Ajarhi Savimi Roberts (hereinafter referred to as "Defendant"). All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

    It is agreed between the United States and your client as follows:

    1.    Defendant will plead guilty to Count Thirty-Three, Bank Fraud, in violation of 18 U.S.C. § 1344(1) of the Indictment.

    2.    The maximum penalty to which Defendant will be exposed by virtue of his plea of guilty, as stated in paragraph one above is not more than thirty years imprisonment, not more than five years supervised release, and a fine of $1,000,000 as to Count Thirty-Three.

    It is further understood by Defendant that there is a special mandatory assessment of $100.00 (18 U.S.C. § 3013) per felony conviction **which must be paid within 40 days following entry of his plea** by money order or certified check to the United States District Court. It is also

_____       2/7/18
Ajarhi Savimi Roberts, Defendant      Date

_____       2/7/18
J. Mark Sutton, Esq., Counsel for Defendant      Date

- 1 -

understood that Defendant may be required by the Court to pay the costs of his incarceration, supervision, and probation.

      3.     Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

      4.     Defendant will be completely forthright and truthful with regard to all inquiries made of him and will give signed, sworn statements and grand jury and trial testimony relative thereto. Defendant will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia.

      5.     A. Nothing contained in any statement or any testimony given by Defendant, pursuant to paragraph four, will be used against him as the basis for any subsequent prosecution. It is understood that any information obtained from Defendant in compliance with this cooperation agreement will be made known to the sentencing court; however, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Defendant's applicable guideline range.

      B. This agreement does not prevent Defendant from being prosecuted for any violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by him pursuant to this agreement.

      C. In addition, nothing contained in this agreement shall prevent the United States from prosecuting Defendant for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of him fulfilling the conditions of paragraph four above.

      6.     At final disposition, the United States will advise the Court of Defendant's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate. **If, in the opinion of the United States, Defendant fails to be forthright and truthful with regard to all inquiries made of him, then the United States will _not_ dismiss the remaining counts in the Indictment as to this Defendant.**

_____        2/7/18
Ajarhi Savimi Roberts, Defendant       Date

_____        2/7/18
J. Mark Sutton, Esq., Counsel for Defendant       Date

7.   There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, or Defendant's counsel as to what the final disposition in this matter should and will be. This agreement includes nonbinding recommendations by the United States, pursuant to Rule 11(c)(1)(B); however, Defendant understands that the Court is **not** bound by these sentence recommendations, and that Defendant has **no** right to withdraw a guilty plea if the Court does not follow the sentencing recommendations set forth in this plea agreement.

8.   Contingent upon Defendant's payment of the $100.00 special assessment fee **within 40 days following the entry of his plea**, the United States will make the following **nonbinding** recommendations:

   A.   If, in the opinion of the United States Attorney's Office, Defendant accepts responsibility and if the probation office recommends a two-level reduction for "acceptance of responsibility," as provided by Guideline 3E1.1, then the United States will concur in and make such recommendation;

   B.   Should Defendant give timely and complete information about his own criminal involvement and provide timely notice of his intent to plead guilty, thereby permitting the United States to avoid trial preparation **and** if he complies with all the requirements of this agreement, **and if Defendant is eligible under the "Guidelines"**, then United States will recommend an additional one level reduction, so long as Defendant executes the plea agreement on or before ~~January 26~~, February 9, 2018 at 5:00 p.m. and returns an executed copy to the United States by that day;

   [LS CVP AR]

   C.   The United States will recommend that any sentence of incarceration imposed should be at the lower end of the applicable guideline range.

9.   If in the opinion of the United States, Defendant either engages in conduct defined under the Applicable Notes of Guideline 3C1.1, fails to cooperate as promised, **fails to pay the special assessment within 40 days following the entry of his plea**, or violates any other provision of this plea agreement, then the United States will not be bound to make the foregoing recommendations, and the Defendant will not have the right to withdraw the plea.

10.   Pursuant to Sections 6B1.4, 1B1.3 and 2D1.1 [Application Note 12] of the Guidelines, the parties hereby stipulate and agree that the total relevant conduct of Defendant with regard to the Indictment is that **Defendant unlawfully acquired and possessed the names,**

_____   2/7/18
Ajarhi Savimi Roberts, Defendant   Date

_____   2/7/18
J. Mark Sutton, Esq., Counsel for Defendant   Date

- 3 -

signatures, dates of birth, Social Security numbers, and driver's license numbers of ten persons known to the Grand Jury. Defendant then used the information to create false identification documents, create false access checks, and apply and receive credit cards from various financial institutions. The actual loss as a result of Defendant's conduct is **$26,182.19**. The parties understand that pursuant to Section 6B1.4(d), the Court is not bound by the above stipulation and is not required to accept the same. Defendant understands and agrees that should the Court not accept the above stipulation, Defendant will not have the right to withdraw his plea of guilty.

11. Defendant acknowledges that restitution is mandatory pursuant to Title 18, United States Code, Section 3663A. Defendant agrees that he shall pay restitution in the amount of the victim's losses as determined by the Court to the victims. Defendant agrees that he is jointly and severally liable for restitution.

12. Defendant further agrees that the payment of said restitution may be made a provision of the Judgment and Commitment Order entered by the Court. Defendant understand that, pursuant to Title 18, United States Code, Section 3613, any criminal monetary penalty made a provision of the Judgment and Commitment Order shall be due and payable immediately and will be subject to immediate enforcement by the United States as provided for in Section 3613.

13. In aid of restitution:

    a. Defendant agrees to fully assist the United States in identifying and locating any assets to be applied toward the restitution obligation imposed by the Court.

    b. Defendant agrees to participate in one or more presentence debtor examinations to be conducted by the United States and to give signed, sworn statements and testimony concerning assets upon request of the United States.

    c. Defendant authorizes the Financial Litigation Unit in the U.S. Attorney's Office for the Northern District of West Virginia to access his credit report from any major credit reporting agency, in order to assess his financial condition for sentencing purposes.

    d. Defendant agrees not to dispose of, transfer, or otherwise encumber any real or personal property which he currently owns or in which he holds an interest.

_____       __2/7/18__
Ajarhi Savimi Roberts, Defendant      Date

_____      __2/7/18__
J. Mark Sutton, Esq., Counsel for Defendant      Date

- 4 -

    e.    Defendant agrees to fully cooperate with the United States in the liquidation of assets to be applied towards restitution, to execute any and all documents necessary to transfer title of any assets available to satisfy restitution, to release any and all right, title and interest he may have in and to such property, and waives his right to exemptions under the Federal Debt Collection Procedures Act upon levy against and the sale of any such property.

    f.    Defendant acknowledges and agrees that if the Court imposes a payment schedule for the payment of any criminal monetary penalty, then the payment schedule shall be the minimum payment obligation and shall not be the only method or a limitation on the methods available to the United States to enforce the criminal monetary penalty judgment. Defendant further agrees that if he is incarcerated, then he shall participate in the Inmate Financial Responsibility Program established by the U.S. Bureau of Prisons, regardless of whether the Court requires such participation or imposes a criminal monetary penalty payment schedule.

    g.    Defendant agrees not to appeal any order of the District Court imposing restitution unless the amount of restitution imposed exceeds the amount set forth in this plea agreement. However, nothing in this provision is intended to preclude the Court from ordering Defendant to pay a greater or lesser sum of restitution in accordance with law.

14.    Defendant understands that the forfeiture of property will be part of the sentence imposed in this case. The United States Attorney's Office agrees to make a non-binding recommendation to the Money Laundering and Asset Recovery Section of the Department of Justice that any monies obtained from Defendant through forfeiture be distributed to the victim of the offense to be set off against any restitution order entered in this case.

    a.    Defendant agrees to the entry of a forfeiture personal money judgment in the amount determined by the Court, constituting proceeds of the offense conduct underlying this agreement.

    b.    Defendant stipulates that substitute property is subject to forfeiture because, as a result of Defendant's acts and omissions, all property subject to direct forfeiture is not available for forfeiture for the reasons described in 21 U.S.C. § 853(p)(1), subparagraphs (A) – (E). Until the value of such property subject to direct forfeiture has been forfeited, Defendant

_____    2/7/18
Ajarhi Savimi Roberts, Defendant    Date

_____    2/7/18
J. Mark Sutton, Esq., Counsel for Defendant    Date

will not contest the forfeiture of any substitute asset the government seeks to forfeit.

c. Defendant agrees to identify all property over which Defendant exercises control. Defendant also agrees to identify any other property, regardless of who owns or controls such property, which constitutes direct or indirect proceeds of, or was otherwise involved in, the offense conduct underlying this agreement, and to identify anything that could be forfeited as substitute property. Defendant further agrees to take all steps as requested by the United States to obtain from any other person, by any lawful means, all records of assets owned by Defendant. Defendant also agrees to execute any deed or other document containing any necessary assurance to effectuate the transfer of title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant further agrees to undergo any polygraph examination the United States may choose to administer concerning such assets.

d. Notwithstanding any provision in this agreement, any statute, or any rule to the contrary, any property that would otherwise be subject to forfeiture shall not be exempted therefrom because a statement made by Defendant referred to, identified, or led to the identification or location of such property.

e. Defendant hereby waives all interest in any property subject to this plea agreement in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant also agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, the announcement of the forfeiture at sentencing, and the incorporation of the forfeiture in the judgment. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.

f. Defendant also waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant further waives any failure by the Court to advise

_____   _____2/7/18_____
Ajarhi Savimi Roberts, Defendant      Date

_____   _____2/7/18_____
J. Mark Sutton, Esq., Counsel for Defendant    Date

Defendant of the applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J).

15. Defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, and in exchange for the concessions made by the United States in this plea agreement, if the Court sentences within the statutory maximum of the statute of conviction, the defendant waives the right:

    a. to appeal any order, the conviction and whatever sentence is imposed on any ground, including any appeal right conferred by 18 U.S.C. § 3742 and,

    b. to challenge the conviction or the sentence or the manner in which it was determined in any post-conviction proceeding, including any proceeding under Title 28, United States Code, Section 2255. Nothing in this paragraph, however, will act as a bar to Defendant perfecting any legal remedies she may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. Defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

16. The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information, including information regarding Defendant's background, criminal record, the offense charged in the Indictment and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure, as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence investigation report to be prepared by the Probation Office of the Court, and to respond to any written or oral statements made by the Court, by Defendant, or his counsel.

17. Defendant agrees that all monetary penalties imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided for in 18 U.S.C. § 3613. Furthermore, Defendant agrees to provide all requested financial information to the United States and the Probation Office and agrees to participate in a pre-sentencing debtor examination. Defendant also authorizes the Financial Litigation Unit in the U.S. Attorney's Office for the Northern District of West Virginia to access Defendant's credit report from any major credit reporting agency prior to sentencing, in order to assess the financial condition for sentencing purposes. Defendant agrees, under penalty of perjury, to complete a financial statement to be

_____    2/7/18
Ajarhi Savimi Roberts, Defendant    Date

_____    2/7/18
J. Mark Sutton, Esq., Counsel for Defendant    Date

returned with the plea agreement. If the Court imposes a schedule of payments, Defendant agrees that it will be deemed to be merely a minimum schedule of payments, not the only method available to the United States to enforce the judgment. If Defendant is incarcerated, Defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. In addition, Defendant agrees that the United States, through the Financial Litigation Unit, may submit any unpaid criminal monetary penalty to the United States Treasury for offset, regardless of Defendant's payment status or history at the time of said submission.

18. Defendant understands that the United States Sentencing Guidelines are now advisory and no longer mandatory. It is therefore understood that the sentencing court may ascertain and impose a sentence below or above the applicable Guideline range, so long as that sentence is reasonable and within the statutory maximum specified in Title 18 of the United States Code for the offenses of conviction.

19. If Defendant's plea is not accepted by the Court or is later set aside or if he breaches any part of this Agreement, then the Office of the United States Attorney will have the right to withdraw any sentencing recommendations and/or to void this Agreement.

20. The above nineteen (19) paragraphs constitute the entire agreement between Defendant and the United States of America in this matter. **There are no agreements, understandings, or promises between the parties other than those contained in this Agreement.**

Very truly yours,

William J. Powell
United States Attorney

By: Lara K. Omps-Botteicher
Assistant United States Attorney

As evidenced by my signature at the bottom of the eight (8) pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

_____  2/7/18
Ajarhi Savimi Roberts, Defendant    Date

_____  2/7/18
J. Mark Sutton, Esq., Counsel for Defendant    Date