**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4551

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

AJARHI SAVIMI ROBERTS, a/k/a Ajarhi Savimbi Roberts, a/k/a Wayne Roberts,

        Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Gina M. Groh, Chief District Judge. (3:17-cr-00050-GMG-RWT-1)

Submitted: March 28, 2019                             Decided: April 11, 2019

Before WILKINSON, NIEMEYER, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Charles T. Berry, Fairmont, West Virginia, for Appellant. Lara Kay Omps-Botteicher, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ajarhi Savimi Roberts appeals his conviction and the 24-month sentence imposed after his guilty plea, pursuant to a plea agreement, to bank fraud, in violation of 18 U.S.C. § 1344(1) (2012).  Roberts' attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court properly calculated Roberts' advisory Guidelines range, whether the prosecutor committed misconduct, and whether Roberts received effective assistance of counsel.  Although advised of his right to do so, Roberts did not file a pro se supplemental brief.  We affirm.

We review Roberts' sentence for both procedural and substantive reasonableness "under a deferential abuse of discretion standard."  *Gall v. United States*, 552 U.S. 38, 51 (2007).  We "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the [Sentencing] Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) factors, . . . or failing to adequately explain the chosen sentence."  *Id.*; *see* 18 U.S.C. § 3553(a)(2012).  If there is no significant procedural error, we then consider the sentence's substantive reasonableness under "the totality of the circumstances, including the extent of any variance from the Guidelines range."  *Gall*, 552 U.S. at 51.  We presume that a sentence within a properly calculated Guidelines range is substantively reasonable, and a defendant can rebut this presumption only "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors."  *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Having carefully reviewed the record, we find no error in the district court's imposition of Roberts' sentence. The district court properly calculated the advisory Sentencing Guidelines range and sufficiently explained its reasons for imposing the sentence Roberts received.* Furthermore, Roberts has not made the showing necessary to rebut the presumption of reasonableness that we afford his within-Guidelines range sentence.

Roberts next argues that his counsel was ineffective for failing to file a timely notice of appeal and advising him to enter into a plea agreement that did not include stipulations as to sentencing factors applicable to his offense. The first argument is moot—the remedy for such a claim is an appeal, which Roberts is receiving. *See In re Goddard*, 170 F.3d 435, 438 (4th Cir. 1999). As to the second issue, we are not persuaded that any deficient performance by counsel appears conclusively on the face of the record. *See United States v. Galloway*, 749 F.3d 238, 241 (4th Cir. 2014) (noting that claims of ineffective assistance of counsel may be raised on direct appeal "if and only if it conclusively appears from the record that . . . counsel did not provide effective assistance." (emphasis and internal quotation marks omitted)).

In accordance with *Anders*, we have reviewed the entire record in this case; we have found no meritorious issues for appeal. We therefore affirm Roberts' conviction and sentence. This court requires that counsel inform Roberts, in writing, of the right to

---

* Counsel's suggestion that the prosecutor engaged in misconduct by failing to object to a particular offense level enhancement is without merit, as we conclude that the enhancement was properly imposed and there was thus no basis for an objection.

3

petition the Supreme Court of the United States for further review. If Roberts requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Roberts.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*